UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| JAMES STEWART, | ) | |
| | ) | |
| Plaintiff, | ) | 2:16-CV-00123-TRM |
| | ) | |
| vs. | ) | |
| | ) | |
| RENE ROSALES, JC TIRES LLC, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

## REPORT AND RECOMMENDATION

Parties have filed a joint motion seeking Court approval of their proposed settlement of Plaintiff's claims filed under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* [Doc. 29]. This matter is before the undersigned pursuant to 28 U.S.C § 636 and by Order of Reference by the District Court referring the matter to submit a Report and Recommendation on the matter [Doc. 32]. The Court held a telephone conference to address this motion on January 16, 2017. Attorney Timothy Lee was present representing the Plaintiff, and Attorneys Brandon Morrow and Robert Bowman were present representing the Defendants. Plaintiff James Stewart was also present. For the reasons that follow, the undersigned respectfully RECOMMENDS that the settlement be approved, and the case be dismissed.

## I.    APPLICABLE LAW

"Employees are guaranteed certain rights by the FLSA, and public policy requires that these rights not be compromised by settlement." *Bartlow v. Grand Crowne Resorts of Pigeon Forge*, No. 3:11-CV-400, 2012 WL 6707008, at *1 (E.D. Tenn. Dec. 26, 2012) (quoting *Crawford v. Lexington-Fayette Urban County Gov.,* 2008 WL 4724499, at *2 (E.D. Ky. Oct. 23, 2008)). "The central purpose of the FLSA is to protect covered employees against labor conditions

'detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'" *Id.* (quoting 29 U.S.C. § 202).

The provisions of the FLSA are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *See Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 706 (1945). The first exception is settlement agreements that are supervised by the Department of Labor, and the second exception encompasses instances in which federal district courts approve settlement of suits brought in federal district courts pursuant to Section 16(b) of the FLSA.[1] *See Lynn's Food Stores v. U.S.*, 679 F.2d 1350, 1354 (11th Cir. 1982).

> As held in *Lynn's Food Stores v. United States*,
>
> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.

*Id.* at 1354.

In reviewing a settlement of an FLSA private claim, a court must scrutinize the proposed settlement for fairness, and determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355. In making this determination, courts consider the following:

---

[1] Although a circuit split exists as to whether courts must approve proposed FLSA settlements and the Sixth Circuit has yet to rule definitively on the issue, district courts in this circuit routinely find that these settlements require approval by the Department of Labor or a court. *See Steele v. Staffmark Investments, LLC*, 172 F. Supp. 3d 1024, 1025-26 (W.D. Tenn. 2016); *see also Edwards v. City of Mansfield*, No. 1:15-CV-959, 2016 WL 2853619, at *2-3 (N.D. Ohio May 16, 2016); *Snook v. Valley OB-GYN Clinic, P.C.*, Np. 14-cv-12302, 2015 WL 14400, at *1 (E.D. Mich. Jan. 12, 2015); *Bartlow*, 2012 WL 6707008, at *1.

that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.' +" *Rotuna v. W. Customer Mgmt. Group LLC*, No. 4:09CV1608, 2010 WL 2490989 (N.D. Ohio June 15, 2010) (quoting *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2000) (further citation omitted)). The existence of a bona fide dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA. *Id.* (citing *Crawford*, 2008 WL 4724499, at *3). The Court should also consider the following factors: the risk of fraud or collusion, the complexity, expense, and likely duration of the litigation, the amount of discovery completed, the likelihood of success on the merits, and the public interest in settlement. [footnote omitted] *Crawford*, 2008 WL 4724499, at *3 (citing *Int'l Union, United Auto., Aerospace, and Agr. Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)).

*Edwards*, 2016 WL 2853619, at *3. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores*, 679 F.2d at 1354. Finally, a court proceeding over a FLSA suit "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

## II.      ANALYSIS

The Court has considered counsels' representations on this issue, the parties' filings, and the evidence in the record. Most importantly, the Court has reviewed the Settlement Agreement and Release, along with the documents calculating the Plaintiff's recoveries and attorney's fees. Based upon this evidence, the Court finds as follows:

1. The parties have actively litigated this dispute, and in the course of the litigation, the parties have participated in discovery;

2. During discovery, it was confirmed the defense had a credible argument that the FLSA may not apply to the employer, and thus the case likely could have been dismissed in its entirety at the summary judgment stage;

3. The Plaintiff represented to the Court that he believes this settlement is fair and reasonable and wishes the Court to approve it;

4. The Plaintiff further told the Court that he was under no duress, coercion, or threat in making this agreement;

5. The Plaintiff's claims for back wages are accounted for in the proposed settlement, and although it is for less than sought in the Complaint, the settlement is for substantially more than he would receive if the case were to be dismissed in its entirety;

6. As part of the proposed settlement, the Plaintiff's attorney's fees are being paid; and

7. The Defendants have agreed that the proposed agreement submitted to the Court is fair and reasonable.

Based upon these findings of fact, the Court finds that a bona fide dispute existed as to whether the FLSA is applicable to the employer, thus calling into question whether the Plaintiff has valid claims for back wages. This case and the negotiations that resulted in a settlement were held at arms' length with all parties being represented by experienced and reputable counsel. Although in the Plaintiff's Complaint he raised allegations of threats and coercion, the Plaintiff represented to the Court that no threats or coercion occurred in order for him to agree to this settlement. He directly told the Court he believes that this is a fair and reasonable settlement and that he wishes it to be approved. Plaintiff's counsel averred that he believes that this settlement was fair and reasonable in light of the potential likelihood that the case be dismissed in its entirety at the

summary judgment stage. Defense counsel agreed that this is a fair and reasonable compromise to their bona fide dispute.

Thus, based upon the evidence before it, the Court finds that the parties' settlement is a fair and reasonable compromise of a bona fide dispute, which takes into account each parties' interests, benefits, and rights pursuant to the framework set out in *Lynn's Foods*, 679 F.2d at 1354-55. Accordingly, the Court respectfully RECOMMENDS that the District Court GRANT the parties' joint motion seeking Court approval of their proposed settlement of Plaintiff's claims filed under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* [Doc. 29].[2]

SO ORDERED:

s/Clifton L. Corker
United States Magistrate Judge

---

[2]Any objections to this report and recommendation must be filed within fourteen (l4) days of its service or further appeal will be waived. 28 U.S.C. 636(b)(1).